Chief-Justice Robertson
delivered the opinion of the Court.
The only question in this case, is, whether a sale by an administrator, of a slave of the intestate, in his possession as administrator, fora debt due by himself to the purchaser, w.hen the sale was not necessary for payment of the debts of the intestate, be void or not?.
The legal title to the slaves of the intestate vested in the administrator, for the payment of the debts of the intestate.
A sale of them, or any of them, was a breach of his official duty, unless the sale had been rendered necessary for payment of debts. But the purchaser cannot be presumed to know the condition of the estate of the intestate; and, therefore, if he buy a slave, bona Jide,of the administrator, proof, that the sale was not necessary for payment of debts, will not affect his right.
If the purchaser take the slave in consideration of a debt due to himself by the administrator, in his own personal character, he does not, therefore, know that the sale may not be necessary for the payment of the debts of the intestate, nor that the amount of the price given will not be applied by the administrator to that object. Such a contract is not void, Unless the purchaser be guilty of a fraud on the estate of the intestate, in making the purchase. Whether the facts proved, be sufficient to establish such fraud or not, the jury, and notthe court, must decide.
Hanson, for plaintiff; Me Connell,'for defendant.
The circait-cowrt instructed the jury, in this case', that the plaintiff could not recover the slave sued for, if he paid for him with a debt which he held on the administrator, from whom he bought him. And therefore, the jury found tor-the defendant.
This instruction was erroneous.
Wherefore, the judgment is reversed; the verdict set aside, and the cause remanded, for a new trial.